1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG CONNER, MARK BOULET, SERGIO VASQUEZ, JAMES BOLICH, DEBRA BOLICH, CHERYL SCROGGINS, MELISSA SCROGGINS, M. DIEDRE WILTEN, STEPHEN M. KAMPMANN, LLOYD BROWN, and CLAUDIA SALAZAR,<br><br>          **Plaintiffs,**<br>     **v.**<br><br>AT&T, BELLSOUTH, VERIZON, and DOES 1-50, inclusive,<br><br>          **Defendants.** | CV F 06-0632 AWI DLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY ACTION PENDING RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>(Document #7) |

This action concerns Defendants' alleged furnishing of Plaintiffs' and similarly situated individuals' telephone communications to the United States.   The court has jurisdiction over the federal causes of action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. § 1367.   Pending before the court is Defendant Verizon's motion to stay this action pending a ruling by the Judicial Panel On Multidistrict Litigation ("Panel").

**BACKGROUND**

On May 12, 2006, Plaintiffs filed their complaint in the Fresno County Superior Court of California.   The complaint alleges that Defendants AT&T, BellSouth, and Verizon improperly disclosed Plaintiffs' telephone communication records to the United States.   The first cause of

1   action alleges common law invasion of privacy.   The second cause of action alleges unauthorized

2   publication and/or use of communications in violation of 47 U.S.C. § 605.   The complaint seeks

3   to certify a class of all California-resident subscribers of Defendants whose information has

4   allegedly been disclosed or sold to the United States.    On May 23, 2006, the case was removed

5   to this court by Defendant AT&T.

6        On May 24, 2006, Defendant Verizon filed a motion before the  Panel pursuant to 28

7   U.S.C. § 1407.  Defendant Verizon's motion requests the Panel take jurisdiction of this action

8   and all similar actions that concern Defendants' alleged improper release of telephone

9   communications to the United States.

10       On May 25, 2006, Defendant Verizon filed a motion in this court for a stay of all

11  proceedings pending a ruling by the Panel.    Defendant Verizon contends that this case is just

12  one of many actions concerning Defendants' alleged improper release of telephone

13  communications to the United States, and there is no reason to proceed with this action,

14  including hearing motions and supervising discovery, until the Panel has had the opportunity to

15  rule on Defendant Verizon's motion.   Defendant Verizon contends that a stay will avoid

16  duplicative proceedings, Defendant Verizon will be prejudiced if it is forced to defend this action

17  prior to the Panel's ruling, and Plaintiff will not be prejudiced.

18       The court received a letter from the Honorable Wm. Terrel Hodges, Chairman of the

19  Panel, dated May 30, 2006.   The letter indicates that this action, among others, is being

20  considered by the Panel for transfer.   The letter informs the court that this court's jurisdiction

21  continues until the Panel orders transfer.    The letter continues:

22       If you have a motion pending . . . you are free to rule on the motion, of course, or
         wait until the Panel has decided the transfer issue.   The latter course may be
23       especially appropriate if the motion raises questions likely to arise in other actions
         in the transferee court and, in the interest of uniformity, might best be decided
24       there if the Panel orders centralization.

25  Letter from Panel to Involved Judges, Dated May 30, 2006.

26       On June 8, 2006, Plaintiffs filed a First Amended Complaint.   The first cause of action

27

28                                            2

alleges common law invasion of privacy.   The second cause of action alleges unauthorized

publication and/or use of communications in violation of 47 U.S.C. § 605.    The third cause of

action alleges divulgence of communication contents in violation of 18 U.S.C. § 2702(a)(1)

and/or (a)(2).    The fourth cause of action alleges divulgence of communication records in

violation of 18 U.S.C. § 2702.   The First Amended Complaint seeks to certify a class comprised

of, and defined as, all current and former California customers of Defendants whose private and

confidential information was disclosed and/or sold by Defendants.

On June 12, 2006, Plaintiffs filed an opposition to Defendant Verizon's motion for a stay.

Plaintiffs contend this action is different than the other actions concerning Defendants' disclosure

of subscriber information because Plaintiffs seek to certify a class of only California residents

and Plaintiffs' principle cause of action is for a violation of Plaintiffs' right to privacy under the

California Constitution.    Plaintiffs also point out that most of the other actions do not seek an

injunction.    Plaintiffs contend that unlike other actions, Plaintiffs do not intend to seek

disclosure of information about the United States' use of Defendants' records, and as such,

discovery of secret government information will not be an issue in this action.   Plaintiffs contend

they will be prejudiced by a stay because Defendants will continue with their alleged illegal

actions.

On June 19, 2006, Defendant Verizon filed a reply.   Defendant Verizon claims that there

are now more than 30 similar actions pending across the country.   Defendant Verizon contends

that this action is not significantly different than the other actions.    Defendant Verizon argues

that no matter how Plaintiffs seek to characterize this action, disclosure of the United States'

intelligence gathering methods and/or capabilities is at issue, and this issue will require the court

to review the military and state secrets privilege.   Defendant Verizon also argues that at least two

other cases seek to certify a class of only California residents, and a class including nationwide

residents would include California residents.   Finally, Defendant Verizon argues that it is

unnecessary for this action to contain exactly the same causes of action and exactly the same

3

1  requested remedies for it to be consolidated with the other cases by the Panel.

2       On June 19, 2006, the United States filed a statement of interest of the United States in

3  support of Defendant Verizon's motion for a stay pending a decision by the Panel.   The United

4  States contends that this action is similar to the other actions before the Panel because all concern

5  telecommunication carriers' purported provision of telephone data and records to the United

6  States.   The United States contends that it intends to assert the military and state secrets privilege

7  in all of these actions and seek their dismissal.

8       On June 22, 2006, Plaintiffs' filed a motion to amend their complaint.   The proposed

9  Second Amended Complaint seeks to add causes of action for violations of California Business

10 and Professions Code § 17200 and California Penal Code § 11149.4.   Besides monetary

11 damages, the Second Amended Complaint seeks injunctive relief.

12                                    **DISCUSSION**

13      There are numerous lawsuits across the United States seeking relief for Defendants'

14 alleged participation in intelligence gathering activities allegedly carried out by the United States.

15 All actions allege that Defendants assisted the United States in conducting domestic electronic

16 surveillance by allowing the United States access to Defendants' records, including subscribers'

17 telephone calls and/or records concerning those calls.   This issue of whether these actions should

18 be consolidated is currently pending before the Panel.   The other actions include: Hepting v.

19 AT&T, No. 06-cv-672 (N.D. Cal.); Souder v. AT&T, No. 06-cv-1058 (S.D. Cal.); Ludman v.

20 Verizon, No. 06-cv-0916 (D.D.C.); Driscoll v. Verizon, No. 1:06-cv-0916 (D.D.C.); Phillips v.

21 BellSouth, No. 06-cv-0918 (D.D.C.); Schwarz v. AT&T, No. 06-2680 (N.D. Ill); Terkel v.

22 AT&T, No. 06-2837 (N.D. Ill.);   Fuller v. Verizon, No. 9:06-cv-0077 (D. Mont.); Dolberg v.

23 AT&T, No. 06-cv-0078 (D. Mont.);   Marck v. Verizon, No. CV-06-2455 (E.D.N.Y.); Mayer v.

24 Verizon, No. 06-cv-3650 (S.D.Y.N.); Bissitt v. Verizon, No. 1:06-cv-0220 (D.R.I.); Hines v.

25 Verizon Northwest, Inc., No. 9:06-cv-00694 (D. Or.); Bissit, v. Verizon, No. 06-cv-0220

26 (D.R.I.); Mahoney v. AT&T, No. 1:06-cv-00223 (D.R.I.); Mahoney v. Verizon, No. 1:06-cv-

27

28                                         4

00224 (D.R.I.); <u>Potter v. BellSouth Corp.</u>, No. 06-0469 (M.D. Tenn.); <u>Trevino v. AT&T</u>, No. 06-cv-0209 (S.D. Tex.); <u>Harrington v. AT&T</u>, No. 06-cv-0374 (W.D. Tex.).

The power to issue a stay in an action "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936). The decision to grant or deny a stay of proceedings pending a ruling on the transfer of a matter to the Panel lies within the court's discretion. <u>Good v. Prudential Ins. Co. of Am.</u>, 5 F.Supp.2d 804, 809 (N.D.Cal. 1998); <u>see also Landis</u>, 299 U.S. 254-55. To determine whether a stay is appropriate, the court should balance the competing interests of the moving and non-moving parties. <u>Rivers v. Walt Disney Co.</u>, 980 F.Supp. 1358, 1360 (C.D.Cal. 1997). The court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties. <u>Id</u>.

One other consideration in determining whether the court should stay a matter pending the Panel's decision on transfer is whether deferring to the Panel would advance the interests for which the statutes authorizing multidistrict litigation were intended. "Section 1407 was intended to promote the 'just and efficient conduct' of the actions transferred [to the MDL court]." <u>See</u>, <u>e.g.</u>, <u>In re Ivy</u>, 901 F.2d 7, 9 (2d Cir.1990) (citing H.R.Rep. No. 1130, 90th Cong., 2d Sess.); <u>Greene v. Wyeth</u>, 344 F.Supp.2d 674, 678-74 (D. Nev. 2004). The legislative history indicates that to qualify for transfer, civil actions must meet three criteria:

> [F]irst, they must involve one or more common questions of fact; second, they must be pending in more than one district, and third, pretrial consolidation must promote the "just and efficient conduct" of such actions and be for "the convenience of parties and witnesses." It is expected that such transfer is to be ordered only where significant economy and efficiency in judicial administration may be obtained.

<u>In re Ivy</u>, 901 F.2d at 9; <u>see also</u> 28 U.S.C. § 1407.

In this action, the court finds a stay is warranted. First, a stay will conserve judicial resources. During the time this action is awaiting a ruling from the Panel, the court may well be forced to decide whether to allow Plaintiffs to amend their complaint, address Defendants'

1    and the United States's possible dismissal motions, and resolve potential discovery issues.   As

2    explained in the United States' brief, the United States plans to seek dismissal and/or preclude

3    discovery based on the military and state secrets privilege.   Addressing this privilege in relation

4    to dismissal and discovery will take considerable judicial resources.   Further, if these actions are

5    coordinated by the Panel, the MDL court hearing the coordinated cases will decide many of

6    dismissal and discovery issues that this court may be asked to address in the next several months.

7    A stay will better ensure uniform decisions on pretrial matters in these cases.   A stay will also

8    conserve judicial resources because only one court may need to make such rulings.   Thus,

9    judicial economy favors a stay.

10          Second, the court also considers the resulting prejudice to the parties. The court

11   concludes that, although Plaintiffs may be subjected to some delay as a result of the issuance of a

12   stay, the prejudice to Plaintiffs does not outweigh the judicial economy interests described above

13   and the potential prejudice to Defendants.   Regardless, any delay is likely to be relatively short.

14   The Panel is set to hear the issue of transfer on July 27, 2006.    The prejudice to Defendants and

15   the United States of having to litigate similar issues in so many different forums is greater than

16   the approximate one to two month delay Plaintiffs will face.  In addition, all parties will benefit

17   from coordinated pretrial management.   Thus, the prejudice to Defendants and convenience to

18   the court outweigh any prejudice to Plaintiffs in staying this action pending a ruling from the

19   Panel.

20          The court recognizes that while most courts have stayed similar actions pending a ruling

21   by the Panel, some courts have declined to issue a stay and proceeded with motions and

22   discovery in these types of actions.  See, e.g., Terkel v. AT&T Inc., 2006 WL 1663456 (N.D.Ill.

23   Jun 09, 2006) (denying motion for stay).    The court respectfully disagrees with those courts that

24   have declined to issue a stay.   The one court to reach the issue of the military and state secrets

25   privilege in a similar case concluded that the case could not proceed and discovery could not

26   commence until the court examined the classified documents to assess whether and to what

27

28                                                    6

extent the military and state secrets privilege applies.  See Hepting v. AT&T Corp.,  2006 WL

1581965  (N.D.Cal. June 6, 2006).   The court finds that before the parties and the court are

required to delve into this issue, the Panel should be allowed the opportunity to determine

whether these actions should be coordinated.

**ORDER**

Accordingly the court ORDERS that:

1.     Defendant Verizon's motion for a stay is GRANTED; and

2.     This action is STAYED pending a decision by the Judicial Panel On MultiDistrict

Litigation.


IT IS SO ORDERED.

**Dated:    June 30, 2006**              _____/s/ Anthony W. Ishii_____
0m8i78                                   UNITED STATES DISTRICT JUDGE

7